```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAVID BELTON,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-4850(JS)(WDW)

SECURUSTECH.NET, SUFFOLK COUNTY
CORRECTIONAL FACILITY, SHERIFF
VINCENT F. DEMARCO, and
WARDEN CHARLES EWALD,

                Defendants.
----------------------------------X
For Plaintiff:      David Belton, pro se
                    637060
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendants:     No appearance
```

SEYBERT, District Judge:

Incarcerated pro se plaintiff David Belton ("Plaintiff") filed a civil rights Complaint in this Court pursuant to 28 U.S.C. § 1983 against SecurusTech.net, Suffolk County Correctional Facility ("Suffolk Jail"), Suffolk County Sheriff Vincent F. DeMarco ("Sheriff DeMarco"), and Suffolk Jail Warden Charles Ewald ("Warden Ewald" and collectively, "Defendants"). Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the Court's filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the application to proceed in forma pauperis is

GRANTED. However, for the reasons that follow, the Complaint is <u>sua sponte</u> DISMISSED for failure to allege a plausible claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

BACKGROUND[1]

Plaintiff's brief handwritten Complaint seeks to recover a damages award totaling $14 million dollars[2] for the alleged denial of adequate access to telephone service during Plaintiff's incarceration at the Suffolk Jail as a pre-trial detainee. In its entirety, Plaintiff's "Statement of Claim" alleges the following:[3]

Statement of Claim:

1. Eighth Amendment Rights violation in adequate communication with the outside world: In that, when using the phone to contact family, loved ones and to handle personal affairs, as well as to contact your attorney's or the Courts; SecurusTech.Net has many "drop calls;" where its $1.95 for a connection and $.20 each additional minute; if you spoke to any attorney for two (2) minute's and the call is dropped; that's $3.55; And SecuruTech.Net AND Suffolk County Refuse to Reimburse those funds, Blaming it on each other.

---

[1] All allegations in Plaintiff's Complaint are assumed to be true for purposes of this Memorandum and Order.

[2] The damages award sought by Plaintiff is comprised of compensatory damages of $5 million, "monetary damages" of $3 million, punitive damages of $3 million and "Constitutional damage/injury" of $3 million. (Compl. at 6-7.)

[3] The "Statement of Claim" is reproduced here exactly as it appears in the Complaint. Errors in spelling, grammar, and punctuation have not been changed or noted.

2

2. Pre-Trial Detainee's, And the like, can no prepare an adequate defense due to: the system may hang up due to a noisy background (stating no 3rd party calls) when they're none.

3. Expenses of striving to buy phone time is "outrageous" on both ends; It's $5.00 for 10 or 15 minutes; in the local area, Attorney's or family when in the same state with an areas code outside of 516 or 631, has to pay $10.00 with an account and $14 to $20.00 with credit cards.

4. Most Attorney's don't write nor visit pre-trial detainee's and would rather speak to the defendant's by phone yet it is impossible to do so with such system.

(Compl. at 5-6.) As a result of the foregoing, Plaintiff generally claims that pre-trial detainees are "[u]nable to fight or defend there criminal case's due to malicious intent to keep detainee's out of communication" and that he has suffered "psychological trama, induced by the improper, inadequate excercise of the SecurusTech.Net phone system and S.C.C.F's limitation's of communication." (Compl. at 6.) In addition to the damages award noted above, Plaintiff also requests that "Suffolk County Correctional Facility Find and Fund A better; cheaper phone system, that [is] Affordable for Both inmate's who choose to buy their own phone minute's; and for Family, love ones, and legal counsels to buy minute's at their end of the phone. . . ." (Compl. at 7.)

3

DISCUSSION

I. In Forma Pauperis Applications

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally, See Sealed Pl. v. Sealed Def., 537 F.3d 185, 191 (2d Cir. 2008), and to interpret pro se papers "'to raise the strongest arguments that they suggest.'" Corcoran v. N.Y. Power Auth., 202 F.3d 530, 536 (2d Cir. 1999) (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (additional citation omitted)). Moreover, at the pleadings stage of a proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory

4

factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)), aff'd, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S.

5

Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

Here, Plaintiff seeks to challenge the constitutionality of the conditions of his confinement. Though Plaintiff alleges that his claim arises under the Eighth Amendment, given that he is alleged to be a pre-trial detainee, his claim would instead arise under Due Process Clause of the Fourteenth Amendment. Such distinction is of no moment for purposes of this Order given that "the standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment [or Fifth Amendment] as it is under the Eighth Amendment." Caiozzo v. Koreman, 581 F.3d 63, 70-71 (2d Cir. 2009); see also Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000).

In order to state a claim for relief under Section 1983

6

against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law, Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010), and should be dismissed. See, e.g., Hemmings v. Gorczyk, 134 F.3d 104, 109 n. 4 (2d Cir. 1998). With these standards in mind, the Court considers Plaintiff's claims against the Defendants.

A. Claims Against the Suffolk Jail

It is well-established that the Suffolk Jail is merely an administrative arm of the County of Suffolk and lacks an independent legal identity apart from Suffolk County. Accordingly, the Suffolk Jail lacks the legal capacity to be sued. See, e.g., Hawkins v. Nassau Cnty. Corr. Fac., 781 F. Supp. 2d 107, 109 at

7

n. 1 (E.D.N.Y. 2011); see also Trahan v. Suffolk Cnty. Corr. Fac., 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (applying Hawkins to dismiss claims against the Suffolk County Jail because it is an "administrative arm of Suffolk County, without a legal identity separate and apart from the County."). Accordingly, Plaintiff's claim against the Suffolk Jail is not plausible and is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A (B)(1).

B. Claims Against Sheriff DeMarco and Warden Ewald

As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See supra 6-7; Rivera, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)) aff'd, 368 F. App'x 161 (2d Cir. 2010)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

As is readily apparent, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate personal involvement by Sheriff DeMarco and/or Warden Ewald regarding the

cost and operation of the telephone services available at the Suffolk Jail. Moreover, even if these Defendants were alleged to be personally involved, the facts set forth in the Complaint do not allege the deprivation of any constitutional right.

Insofar as Plaintiff generally claims that his communication with family, loved ones and counsel is hindered by the quality and expense of the telephone system, such allegations do not invoke constitutional protection. See, e.g., Bellamy v. McMickens, 692 F. Supp. 205, 214 (S.D.N.Y. 1988) (stating that inmates have no right to unlimited telephone calls and that there is no obligation to provide the "best manner of access to counsel"); Pino v. Dalsheim, 558 F. Supp. 673, 674-75 (S.D.N.Y. 1983) (finding that restrictions on telephone calls were permitted, because the inmate had unlimited opportunities to communicate with his attorney by written correspondence and personal visits, even though the attorney's office was located 330 miles from the facility); see also Shariff v. Coombe, 655 F. Supp. 2d 274, 301 (S.D.N.Y. 2009) (dismissing plaintiff's claim that the inaccessibility of telephones throughout the jail violated the Eighth Amendment because such deprivation did not deny a basic human need.). Notably, Plaintiff does not allege that he is unable to communicate through the mail or during visitation. Because Plaintiff has alternate means of communicating with the outside world, and particularly with counsel, Plaintiff fails to allege a

9

cognizable constitutional claim. See <u>Whitenack v. Armor Med.</u>, 13-CV-2071, 2013 WL 2356110, at *4 (E.D.N.Y. May 28, 2013) (<u>sua sponte</u> dismissing prisoner's section 1983 suit alleging, <u>inter alia</u>, that use of the prison telephones is overpriced because inmate had alternate means of communication with the outside world by mail) (citing <u>Arsberry v. Illinois</u>, 244 F.3d 558, 565 (7th Cir. 2001) (holding that claim challenging the cost of telephone service provided to inmates did not state a constitutional violation); <u>U.S. v. Footman</u>, 215 F.3d 145, 155 (1st Cir. 2000) ("Prisoners have no <u>per se</u> constitutional right to use a telephone . . ."); <u>Castillo v. Hayman</u>, 06-CV-1417, 2006 WL 2241658, *4 (D. N.J. Aug. 3, 2006) (finding no Eighth Amendment violation for expensive telephone service because it "does not deprive [a prisoner] of a basic human need."); <u>Griffin v. Cleaver</u>, 03-CV-1029, 2005 WL 1200532, at * 6 (D. Conn. May 18, 2005) (holding that a prisoner "has no constitutional right to telephone use . . . ."); <u>Johnson v. State of California</u>, 207 F.3d 650, 656 (9th Cir. 2000) (holding that although prisoners have a First Amendment right to telephone access subject to reasonable limitations arising from the legitimate penological and administrative interests of the prison system, "[t]here is no authority for the proposition that prisoners are entitled to a specific rate for their telephone calls"); see also <u>Holloway v. Magness</u>, 666 F.3d 1076, 1080 (8th Cir. 2012), <u>cert. denied</u>, --- U.S. ----, 133 S. Ct. 130, 184 L. Ed. 2d 62 (2012)

(holding that a jail has no First Amendment obligation to provide telephone service "at a particular cost to users.")).

And, Plaintiff's general complaint that "pre-trial [d]etainee's and the like, can not prepare an adequate defense due to: The [phone] system may hang up . . . ." (Compl. at 5), fares no better. The Constitution guarantees prisoners meaningful access to the courts. See, e.g., Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). To state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating, inter alia, that the plaintiff suffered an "actual injury." Lewis, 518 U.S. at 353-54. To establish an "actual injury," plaintiff must show that "the defendant's conduct frustrated the plaintiff's efforts to pursue a non-frivolous claim." Collins v. Goord, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citation omitted). Here, as is readily apparent, the Complaint wholly fails to allege any facts to support a reasonable inference that the quality and cost of the telephone service provided at the Suffolk Jail frustrated Plaintiff's efforts to pursue a non-frivolous legal claim. Thus, Plaintiff has not alleged a plausible First Amendment claim of denial of access to the courts.[4]

---

[4] Though Plaintiff's Complaint only explicitly alleges an Eighth Amendment claim, the Court liberally construes his allegations to also allege a First Amendment claim since pro se papers should be read to "'raise the strongest arguments [that they] suggest[].'" Walker v. Schult, 717 F. 3d 119, 124 (2d Cir. 2013) (quoting Pabon v. Wright, 459 F. 3d 241, 248 (2d Cir. 2006) (add'l citation omitted)).

Consequently, the Section 1983 claims asserted against Sheriff DeMarco and/or Warden Ewald are not plausible and are DISMISSED.

C. <u>Claim Against SecurusTech.net</u>

As detailed above, Section 1983 liability may only be imposed upon those "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." <u>National Collegiate Athletic Ass'n v. Tarkanian</u>, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988) (internal citation omitted); <u>see</u> <u>also</u> <u>Fabrikant v. French</u>, 691 F.3d 192, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . . required to show state action."). Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." <u>American Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal quotation marks omitted). SecurusTech.net is a private entity, not a state actor. <u>Whitaker v. Director</u>, 11-CV-0068, 2013 WL 2318889, at *13, *15 (E.D. Tex. May 27, 2013) ("[N]either Securus nor its employees are amenable to suit under 42 U.S.C. § 1983" because Securus is not a state actor.).[5]

---

[5] The Court notes that the website for SecurusTech.net describes that it "provides leading communication solutions for the corrections industry" and that it "install[s] and centrally manage[s] state-of-the-art call management and communication systems for use by correctional facilities . . . ." See https://securustech.net/web/securus/about-securus (last visited on January 30, 2014). Further, the site details Securus' history

12

Although Securustech.net is a private entity, "state action may be found [] if there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974)). However, "a private entity does not become a state actor for purposes of Section 1983 merely on the basis of the private entity's creation, funding, licensing, or regulation by the government." Fabrikant, 691 F.3d at 207.

Here, SecurusTech.net is not a state actor, or acting under color of state law, merely by virtue of its public contract with the Suffolk Jail. See, e.g., Rendell-Baker v. Kohn, 457 U.S. 830, 841, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) ("Acts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); Phelan ex rel. Phelan v. Torres, 843 F. Supp. 2d 259, 273 (E.D.N.Y. 2011) ("The fact that the state may contract with a private party to perform a function does not [necessarily] transform the private party into a state actor. . . ."); aff'd 512 F. App'x 88 (2d Cir. 2013); see also Iswed v. Caruso, 08-CV-1118, 2009 WL 4251076, at * 3 (W.D. Mich. Nov. 24, 2009) ("The fact that

---

since its inception in 1986 including the acquisition of all common stock in the company, then-named T-Netix, by a private equity firm in 2004 to form Securus Technologies, Inc. Id.

13

Embarq may contract with the state for delivery of telephone services does not render it a 'state actor' for purposes of § 1983") (citing Rendell Baker v. Kohn, 457 U.S. 830, 840, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) (additional citation omitted). "Further, the fact that telephone companies are subject to substantial governmental regulation does not convert their actions into that of the state." Iswed, 2009 WL 4251076, at *6 (citing Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974)). Nor is the provision of telephone services a "traditional public function" delegated by the state to SecurusTech.net. Iswed, 2009 WL 4251076, at *6 (citing West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)).

Thus, the fact that SecurusTech.net provides telephone services to prisoners at the Suffolk Jail, alone, is insufficient to transform SecurusTech.net into a state actor for purposes of Section 1983. See, e.g. Streater v. Thaler, 11-CV-0068, 2012 WL 3308109, at *14 (E.D. Tex. July 2, 2012), report and recommendation adopted by 2012 WL 3308105 (E.D. Tex. Aug. 13, 2012) (holding that the fact that Securus contracted with the Texas Department of Criminal Justice to provide telephone services to prisoners does not make it a state actor under Section 1983); Wofford v. Public Commc'ns Servs., 11-CV-1884, 2012 WL 550134, at * 3 (E.D. Mo. Feb. 19, 2012) (holding that the plaintiff's allegations that Public Communications Services ("PCS") is an inmate telephone service provider under "contract" with the Missouri Department of

14

Corrections did not establish that PCS was a "state actor" within the meaning of Section 1983); Iswed, 2009 WL 4251076, at *3 ("The fact that Embarq may contract with the state for delivery of telephone services does not render it a 'state actor' for purposes of Section 1983."); Evans v. Skolnik, 08-CV-0353, 2009 WL 3763041, at * 5 (D. Nev. Nov. 5, 2009) (finding that Global Tel, and other similar private telephone companies, were not state actors and, thus, were not amenable to suit under Section 1983).

Since SecurusTech.net is not a state actor, a Section 1983 claim cannot be stated against it as a matter of law. Accordingly, Plaintiff has not alleged a plausible claim against SecurusTech.net and the Complaint as against SecurusTech.net is DISMISSED WITH PREJUDICE.

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se Complaint should not be dismissed without leave to amend unless amend would be futile, Ashmore v. Prus, 510 F. App'x 47, 49 (2d Cir. 2013) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, the Court finds that since the deficiencies noted above are substantive in nature and would not be remedied if Plaintiff were afforded an opportunity to amend his Complaint, leave to amend the Complaint is DENIED.[6]

---

[6] Indeed, given that Plaintiff has alleged that he has only suffered "psychological trama" [sic] (Compl. at 6), his claims also fail because the PLRA requires that a claim under Section 1983 include allegations of physical harm. 42 U.S.C. § 1997e(e). See also, Cox v. Malone, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 2002)

15

CONCLUSION

For the reasons set forth above, the application to proceed in forma pauperis is GRANTED. However, because Plaintiff fails to allege a plausible claim against any Defendant, the Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Clerk of the Court is directed to CLOSE this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February  7 , 2014
Central Islip, NY

---

("Courts have consistently held that Section 1997e(e) bars prisoner civil rights suits seeking damages for constitutional violations where the inmate-plaintiff suffers only emotional and mental injury."), aff'd 56 F. App'x 43 (2d Cir. 2003).